UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>M. VELASQUEZ-MIRANDA, et al.,<br><br>Defendants. | No. 2:21-cv-0932-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983, moves for a preliminary injunction. ECF No. 22. He also requests the appointment of counsel. *Id.*

In his motion for preliminary injunction,[1] plaintiff states that defendant N. Holets recently approached plaintiff's cell at the California Health Care Facility and spewed the following racist and retaliatory threats, "[Y]our nigger ass is done. We told your nigger cripple ass back on 10/23/2018, don't file no 602 nigger or shit with our fucking name on it to no fuckin judge or

---

[1] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008)).

1   D.A., or no dirty fuckin blood-suckin lawyers and what did you do nigger?  In superior court you
2   filed a torts!  Now I'ma tore your nigger ass like we did 10/23/2018.  In protective custody, fuck
3   your mental health, we about to finish fuckin up your right wrist like Officer Lopez did on May
4   19, 2021 . . . with the handcuffs you writing days are over nigger bitch." ECF No. 1 at 1-2.

5        In plaintiff's request for relief, he asked that he be transferred to the R.J. Donovan
6   Correctional Facility.  *Id.* at 3-4.  On the same day plaintiff's motion for preliminary injunction
7   was docketed, plaintiff's address was updated to show that he is now housed at R.J. Donovan.
8   Thus, the threat posed by defendant Nolet at the California Health Care Facility and the remedy
9   requested by plaintiff is moot.  Accordingly, plaintiff's motion for preliminary injunctive relief is
10  not warranted.

11       Plaintiff also requests the appointment of counsel.  District courts lack authority to require
12  counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*
13  *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney
14  to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935
15  F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
16  When determining whether "exceptional circumstances" exist, the court must consider the
17  likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro
18  se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970
19  (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional
20  circumstances in this case.

21       Accordingly, it is ORDERED that plaintiff's request for the appointment of counsel (ECF
22  No. 22) is DENIED.

23       Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF
24  No. 22) be DENIED.

25       These findings and recommendations are submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
27  after being served with these findings and recommendations, any party may file written
28  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2021.

                            /s/ Edmund F. Brennan
                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE