UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No. 2:21-cv-0932-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. VELASQUEZ-MIRANDA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 10, 2021, the court extended defendants' deadline for responding to plaintiff's requests for written discovery to February 8, 2022 and directed defendants to respond to the discovery requests filed with plaintiff's motions at ECF Nos. 41 and 46. ECF No. 51. Since then, plaintiff has inundated the docket with discovery-related motions that are redundant and difficult to interpret. *See* ECF Nos. 52, 53, 55[1], 59, 62, 63, 65, 66, 68, 69, 72[2]. As

---

[1] In his January 14, 2022 motion, plaintiff sought a stay of discovery on the grounds that his cell and legal property were contaminated with parasites that were "eating [him] alive." ECF No. 55. On February 18, 2022, defendants filed a statement of non-opposition. ECF No. 58. On April 24, 2022, plaintiff requested that the stay be lifted. ECF No. 62. Accordingly, the plaintiff's motion to stay moot is moot.

[2] Within this filing is a request for counsel. ECF No. 72. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

1

best the court can tell, plaintiff claims the following: (1) defendants did not respond to his September 30, 2021 requests for admissions and interrogatories (ECF No. 63 at 1); (2) defendants did not produce documents in response to his September 30, 2021 requests for production (*id*. at 1, 3); and (3) defendants' objection to plaintiff's requests for "operations policies," "video recording transcripts," and "witness statements" as being "too broad" lacks merit (*id.* at 8).

### A. Requests for Admissions and Interrogatories

Plaintiff's motion at ECF No. 46 includes "Interrogatories & Admissions," dated September 30, 2021. ECF No. 46 at 7, 9 (seeking "records, full names, job duties, salaries, and discipline records" of all defendants), 14 (seeking names and addresses of individuals likely to have discoverable information), 15 (seeking information regarding defendants' assigned duties, insurance coverage), 16 (seeking information regarding persons involved in investigations), and 25-29 (requests for admissions). On December 10, 2021, the court directed defendants to respond to the discovery requests at ECF No. 46 by February 8, 2022. *See* ECF No. 51 at 2 (finding good cause to extend the scheduling deadlines because plaintiff had demonstrated diligence and claimed he had been harassed by defendant Holets and placed on suicide watch). In response to plaintiff's subsequent filings claiming that defendants had continued to withhold discovery (*see, e.g.*, ECF No. 52), defendants responded as follows:

> [Plaintiff's motion] appears to address the discovery requests addressed by the Court in its order of December 10, 2021 (ECF No. 51). Defendants served responses and objections to the request for production of documents at issue on February 8, 2022, in accordance with the Court's order.

ECF No. 61 at 2. This response makes no reference to requests for admissions or interrogatories. If the implication is correct – that defendants never responded to plaintiff's September 30, 2021

---

attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Requests for Admissions and Interrogatories – they shall do so within 14 days from the date of this order. Alternatively, defendants shall certify to the court that they previously responded to this discovery as ordered on December 10, 2021.

### B. Requests for Production ("RFP")

Plaintiff's motion at ECF No. 46 also includes requests for production dated September 30, 2021. ECF No. 46 at 15- 20. As noted above, defendants assert that they served responses to these requests on February 8, 2022 in accordance with the court's December 10, 2021 order. ECF No. 61 at 2. Defendants further assert that they previously responded to plaintiff's requests for production on November 10, 2021. *Id.* It is apparent from plaintiff's filings that he received defendants' responses to his RFPs because he takes issue with defendants' objections. *See* ECF No. 63 at 8 (challenging defendants' "overbroad" objection to various requests). Apart from the first page, however, plaintiff has not, in the hundreds of pages he has filed with the court, included a copy of defendants' responses to his requests for production. *See* ECF No. 66 at 121. As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Stating generally that one of defendants' objections lacks merit is not sufficient. Plaintiff will be granted a final opportunity to file a motion to compel that identifies and reproduces for the court the responses he deems deficient.

/////

C. Order

Accordingly, it is ORDERED that:

1. Within 14 days from the date of this order, defendants shall serve plaintiff with their responses to plaintiff's "Interrogatories & Admissions" and provide notice to the court of the same. Alternatively, defendants shall certify to the court that they previously responded to this discovery as ordered on December 10, 2021;

2. Within 21 days from the date of this order, plaintiff may file a motion to compel further responses to his requests for production of documents in accordance with this order;

3. Plaintiff's motion to stay discovery (ECF No. 55) is denied as moot;

4. Plaintiff's request for the appointment of counsel (ECF No. 72) is denied; and

5. The Clerk of the Court shall terminate ECF Nos. 50, 59, 62, 63, 65, 68, 72.

Dated: April 29, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE