UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No. 2:21-cv-0932-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. VELASQUEZ-MIRANDA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 29, 2022, the court granted plaintiff a final opportunity to file a motion to compel further discovery responses. ECF No. 73. On May 31, 2022, plaintiff filed a motion to compel. ECF No. 75. For the reasons stated below, the motion is denied.

In the order affording plaintiff extra time to file a motion to compel, the court cautioned as follows:

> As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses

1

plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Stating generally that one of defendants' objections lacks merit is not sufficient. Plaintiff will be granted a final opportunity to file a motion to compel that identifies and reproduces for the court the responses he deems deficient.

ECF No. 73 at 3. Plaintiff fails to meet his burden through the instant motion to compel because, despite clear instructions, he has not informed the court which discovery requests are the subject of his motion, which of defendants' responses are disputed, why he believes defendants' responses are deficient, or why defendants' objections are not justified. Instead, throughout his 214-page filing, plaintiff makes various long-winded arguments as to why certain categories of information, not linked to specific discovery requests or responses (i.e., peace officer reports, lock-up orders, excessive force videos, performance records, grievances, insurance policies, and personnel records (ECF No. 75 at 7-29)), are "relevant" to this action. The motion does not include defendants' responses to plaintiff's requests for production but does include defendants' responses to plaintiff's interrogatories and requests for admissions. The categories of information discussed by plaintiff do not logically line up with or otherwise correspond to the discovery requests or responses included with the motion. Moreover, the reproduced responses raise numerous objections in addition to relevancy. As the court previously warned, "[s]tating generally that one of defendants' objections lacks merit is not sufficient." ECF No. 73 at 4. Plaintiff's generalized contention that various categories of information are relevant to his case is not a sufficient basis upon which to grant plaintiff's motion to compel.

Accordingly, IT IS ORDERED that plaintiff's motion to compel (ECF No. 75) is DENIED.

Dated: June 13, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2