UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVONTA T. LEWIS, | No. 2:21-cv-00932-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. VELASQUEZ-MIRANDA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. The parties reached a settlement agreement in a settlement conference before Magistrate Judge Erica P. Grosjean on October 27, 2022. ECF No. 98. The parties submitted a stipulation of dismissal with prejudice on December 1, 2022, and the case was accordingly closed. ECF Nos. 104, 105. Plaintiff now appears to have second thoughts about settling. He has filed a motion to compel defense counsel to provide a copy of the written settlement agreement to him, ECF No. 106, and states that he was "declared insane" as of the date of the settlement conference. He adds that he was coerced by defendants and Judge Grosjean to accept the settlement. Therefore, he concludes, the settlement is void. *Id.*

The court construes these allegations as a motion to rescind the settlement agreement. In deference to plaintiff's incarcerated and pro se status, defense counsel will be directed to serve plaintiff with a (perhaps additional) copy of the settlement agreement. However, as discussed below, the request to rescind the agreement must be denied.

I. **Background**

On October 27, 2022, Magistrate Judge Grosjean presided over a settlement conference between plaintiff and defense attorney Matthew Roman of the California Office of the Attorney General. Plaintiff was assisted by two students from the McGeorge School of Law Prisoner Civil Rights Litigation Clinic. The parties reached an agreement to settle three cases for a total sum of $33,000: (1) *Lewis v. Velasquez-Miranda*, No. 2:21-cv-00932, for $7,500 (this case); (2) *Lewis v. Gibson*, No. 1:20-cv-00574, for $23,000; and (3) *Lewis v. Kokor*, No. 1:20-cv-00596, for $2,500. In exchange for these settlement amounts, plaintiff agreed on the record to dismiss all three cases with prejudice. Judge Grosjean informed plaintiff that the settlement agreement would not affect the fees and restitution he owed and that such amounts would be taken from the settlement funds before he received any money. Plaintiff had an opportunity to speak, which he did lucidly and intelligently, stating that he disagreed with defense counsel regarding the total amount of fees and restitution that he owed. Plaintiff did not indicate in any way that he was experiencing mental health symptoms or had been unduly pressured into agreeing to the settlement.

On November 11, 2022, plaintiff filed a motion to compel defendants to send him the settlement agreement to sign. ECF No. 100. In this filing, plaintiff wrote that he had settled this case "with the assistance of the McGeorge civil rights law clinic students aid for which I am thankful." *Id.* at 2. Plaintiff described the settlement conference: "Judge E. Grosjean mediated and successfully got all parties to settle." *Id.*

However, on November 28, 2022, plaintiff filed a motion to rescind the settlement agreement. ECF No. 102. Plaintiff argued that he "was coerced by voices to settle" and was taking "medication for hearing voices of defendants." *Id.* at 1. Plaintiff stated that Kings County Superior Court Judge Randy Edwards had "ordered" plaintiff "insane" on October 24, 2022 and that he was not stable to attend the settlement conference on October 27th. *Id.* At the conference, "the voices coerced me, forced me under duress to settle or the defendants will kill me." *Id.* Plaintiff attached to the motion an October 24, 2022 minute order from the Kings County Superior Court ordering that plaintiff be examined by a doctor to determine his mental

competence.[1] Although it notes the that a question arose as to his mental capacity and directed a mental examination, the order does not find plaintiff incompetent or insane. Plaintiff also attached a declaration in which he averred,

> On day of settlement conference when I was hearing voices of defendants who retaliated on me as admitted maliciously, they voices was telling me "they" were going to kill me if "I" go to jury trial in front of public jurors and snitch on them and get them fired and bust into my ADA prison wheelchair cell again and hurt me so bad my neck and back will never be healable or pain free – by medication or doctors – and that they will kill me if I defend myself…
>
> The Judge Erica Grosjean also pressured me. E. Grosjean said, Hurry up take the deal or they are gonna walk out on you and no deals.
>
> E. Grosjean said, "I" only started your deal at $40,000 what's your bottom number. Sir. It has to be lower not higher. Lewis, they will leave sir. "You get nothing."
>
> E. Grosjean said, If you don't settle you going to trial and Judge Stanley is ready next door and I don't know your case but you don't want to. She basically coerced, forced, duressed me to take deal.
>
> I was in sustained fear of loss, being killed, and her conspiring with chief law enforcement officer M.W. Roman to coerce me to settle and I don't want to. "I" want trial. To tell the public about these corrupt custodial public civil servants rather I win or lose!!! And they kill me. I will die telling the public to help other blacks in my position.

*Id.* at 6 (*sic* all).

By November 28, 2022, however, plaintiff's feelings about the settlement agreement had changed, and he filed a motion to "cancel" his motion to rescind the settlement agreement. ECF No. 103. In this filing, plaintiff wrote that he heard voices that told him to file the motion to rescind. *Id.* at 1. Plaintiff wished to cancel the motion because he had signed the settlement agreement. *Id.*

/////

/////

---

[1] The minute order reads: "Upon the request of the Defense, Court finds a doubt has arisen regarding the defendant's mental capacity and ability to understand ongoing proceedings. Criminal proceedings suspended and civil/criminal proceedings initiated. Defendant certified to civil court for hearing to determine whether or not the defendant is presently insane under PC 1368.9. Doctor Matthews appointed to examine the defendant pursuant to Penal Code 1368 and ordered to advise the court in writing as to whether or not the defendant is mentally competent." ECF No. 102 at 3.

In the instant filing, plaintiff again represents that he had been "declared insane" and that defendants and Judge Grosjean coerced him to agree to the settlement. ECF No. 106 at 1. According to defendant, he was pressured to accept less than $40,000 "or be killed and lose." *Id.*

## II.    Analysis

The enforcement of an agreement to settle a federal litigation is governed by the law of the state in which the agreement was entered into. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). In California, settlement agreements are governed by the same principles governing contracts generally. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989).

California law allows a party to rescind a contract if his agreement was "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the" other party to the contract. Cal. Civ. Code § 1689.

In the instant case, there is no evidence supporting plaintiff's claim that defense counsel and/or Judge Grosjean subjected him to duress other than plaintiff's extravagant statements. Plaintiff was assisted by two law students during settlement negotiations. After the parties had reached agreement, the material terms of the settlement were read on the record, and plaintiff stated that he agreed to those terms. Plaintiff was provided with an opportunity to raise any issues, and he spoke clearly and intelligently about a single point of concern – the disagreement between himself and defense counsel regarding the amount he owed in fees and restitution fines. He did not state or imply that he had been pressured into agreement. In addition, plaintiff's statements to this court regarding the settlement agreement in the motions he has filed since the settlement conference are contradictory. First, plaintiff wrote that the conference was a success, that he wished to sign the agreement, and that he was grateful for the assistance of the McGeorge Law School students. ECF No. 100. Then he wrote that he wished to rescind the agreement because he was incompetent and under duress. ECF No. 102. After that, he told the court that he submitted his prior motion to rescind because he "was hearing voices" encouraging him to do so. ECF No. 103. Thus, plaintiff's statements – which are the only evidence of duress that he has offered – cannot be relied on. All other factors indicate a routine settlement conference.

Accordingly, the court finds that plaintiff should not be permitted to rescind the settlement agreement based on his claim of duress.

A party may also rescind a contract in California if "he was not mentally competent to deal with the subject before him with a full understanding of his rights" at the time he entered into the contract. *Rains v. Flinn*, 428 F.3d 893, 901 (9th Cir. 2005) (internal quotation marks and citations omitted); Cal. Civ. Code § 39(a). A district court may find an individual competent to enter into a contract where the record contains sufficient evidence showing that she "understood the nature, purpose and effect of his actions" at the time of contracting. *Rains*, 428 F.3d at 901.

Here, plaintiff's filings since the settlement conference indicate some level of mental instability, which apparently prompted the Kings County Superior Court to order a mental competency examination for plaintiff on October 24, 2022. However, there is no evidence before this court that plaintiff has been found incompetent. Nor is there any evidence – other than plaintiff's contradictory filings – substantiating plaintiff's claims of incompetence. Plaintiff tells the court that he was taking medication on the day of the settlement conference (ECF No. 102 at 1), but he does not inform the court of the effect of that medication let alone present evidence of any impact on his comprehension and decision making. Plaintiff's appearance on the record at the conclusion of the conference reveals no indication of mental infirmity. Plaintiff spoke lucidly, intelligently, audibly, and with normal tone, volume, and inflection. He did not tell Judge Grosjean that he had been "ordered insane," was hearing voices, or was not able to participate and/or understand the proceedings due to his mental illness. Thus, the court finds that the record contains sufficient evidence to show that plaintiff understood the nature, purpose, and effect of agreeing to the settlement terms on October 27, 2022.

/////
/////
/////
/////
/////
/////

### III. Order and Recommendation

It is hereby ORDERED that defense counsel serve on plaintiff a copy of the written settlement agreement entered into between plaintiff and defendants following the October 27, 2022 settlement conference.

It is further RECOMMENDED that plaintiff's December 5, 2022 filing (ECF No. 106), which the court construes as a motion to rescind the settlement agreement, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE